Application of the open and obvious hazard doctrine in this context seems unjustified. Normally, invitees are charged with the duty to exercise reasonable care to avoid known or obvious dangers. Implicit in this allocation of duty is the premise that the invitee has the ability or means to keep herself out of harms way. Paschal, supra. The same can hardly be said of a patron who boards a ride only to find that upon stopping, she must jump down from a height of three or four feet. One might argue that the patron was on notice that the ride did not always stop at the same height every time. However, there is nothing in the summary judgment materials to indicate that the appellant observed other patrons having to jump down to get off or climb three to four feet in the air to get on the ride. Nor is there any indication that she had difficulty getting on the ride because of its height. Thus, while she might be charged with knowledge of some differences in the stopping height of various cars on the ride, there is nothing in this record to suggest she was aware before she got on the ride that she would have to jump three to four feet to get off. Surely, appellees would not contend they could stop the ride six feet from the ground and rely on the "open and obvious" nature of that distance to excuse them from a duty to exercise due care for their patron's safety. Under these facts, I would not apply the open and obvious hazard doctrine to award summary judgment to the appellees.
Furthermore, I cannot glean both a distinct premises liability action and a general negligence claim from the single abbreviated count of the complaint that states Jennifer Morgan's cause of action. However, I agree that on the present record each party had a duty to exercise due care. I also agree that a material question of fact exists concerning whether the appellant acted unreasonably in jumping down and/or whether the appellee acted unreasonably in not offering some immediate assistance to her before she jumped. In other words, this case must be decided not on the legal issue of duty, but rather upon the factual question of who may have breached their respective duties. Thus, I concur in the reversal and remand.